Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1-69, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | **No. C-11-03004 HRL** <br><br> **PLAINTIFF'S RESPONSE TO MOVANT'S LETTER** |

On November 3, 2011, an anonymous individual ("Movant") claiming to be associated with IP address 99.0.6.40 filed a letter with this court. (ECF No. 26.) Movant treats the letter as a motion to quash the subpoena issued to his ISP and to dismiss the complaint against him. (*Id.* at 1.) To support this motion, Movant makes several technical arguments on the merits, claiming that he has not infringed on Plaintiff's copyright. (*Id.* at 1-2.)

**ARGUMENT**

This brief consists of four parts. Part I argues that Movant lacks standing to bring this motion. Part II argues that factual denials are premature and not relevant to his motion. Part III argues that Movant is not a party to the action and therefore cannot be dismissed. Part IV argues that Movant's motion is not before the proper court.

## I. MOVANT LACKS STANDING TO BRING THIS MOTION

Movant's motion should be stricken because Movant lacks standing to bring it. The court in *Vogue Instrument Corp. v. Lem Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) explained that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas"). Movant's ISP was the entity to which the subpoenas were directed and that had possession and control over the documents sought in the subpoenas, not Movant. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). In general, only the person or entity to whom a subpoena is directed may seek to quash the subpoena, but sometimes third-parties may properly bring a motion to quash the subpoena. The only exception applicable to Movant here is if he had brought the motion to quash on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Movant failed to make this argument anywhere in his motion.

## II. MOVANT'S FACTUAL DENIALS AND ARGUMENTS ON THE MERITS ARE PREMATURE AND NOT RELEVANT TO HIS MOTION

Movant denies personally infringing Plaintiff's copyrights, and argues that he does "not have a P2P file-sharing tool called BitTorrent" and that Plaintiff's "collection of data of alleged unlawful file sharing is inaccurate." (ECF No. 26 at 1.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *MCGIP, LLC v. Does 1–18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena."); *MCGIP, LLC v. Does 1–316*, No. 10-

C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) ("A general denial of engaging in copyright infringement . . . is not a basis for quashing a subpoena.").

The proper time to raise these factual denials is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motion because Movant's factual denials and merits-based technological arguments are premature and not relevant to his motion.

### III. MOVANT CANNOT BE DISMISSED FROM AN ACTION IN WHICH HE IS NOT A PARTY

Movant argues that the Court should "dismiss this complaint against [him] as a Defendant." (ECF No. 26 at 1.) Movant is not yet a party to this action, however, and should not be allowed to stand in the shoes of a Doe Defendant. At this time, Movant is merely a third party who is on notice of his potential status as a party defendant. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07-cv-1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (an unserved defendant is "not a party to th[e] motion to dismiss."). Since Movant is not currently a Defendant in this case, he cannot be currently dismissed from it. His motion to dismiss should therefore be denied.

### IV. MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

Movant's Internet Service Provider is AT&T Internet Services. The subpoena issued to AT&T Internet Services was not issued from the Northern District of California. Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL

237673, at *1 (N.D. Cal. Jan. 24, 2011) (Ryu) (citing *In re Sealed Case* in concluding the motion to quash fails because it was not filed in the proper court). Because Movant failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash the subpoena at issue in this case.

## CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to bring this motion. Factual denials are premature and not relevant to his motion. Movant cannot be dismissed from a case to which he is not a party. Movant's motion is not before the proper court.

Respectfully Submitted,

HARD DRIVE PRODUCTIONS, INC.

**DATED: November 9, 2011**

By:   \_\_\_\_/s/  Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on November 9, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

　　　　/s/ Brett L. Gibbs, Esq.
　　　　Brett L. Gibbs, Esq.